# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSE REYNALDO MIRAMONTES, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | 2:05-cr-00448-UWC-JEO |
| | ) | 2:07-cv-08009-UWC-JEO |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Jose Reynaldo Miramontes initiated the present action by filing a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. (07-08009 at Doc. 1).[1] Within his § 2255 motion, the petitioner requests that the court grant him a "nunc pro tunc order allowing him to file a delayed appeal in the matter of the denial of his Motion for Suppression of Evidence." *Id*. at p. 17. Upon consideration of the defendant's arguments, the court finds that the motion is due to be denied.

## BACKGROUND

The defendant was charged in a one-count indictment with knowingly, intentionally, and unlawfully possessing with the intent to distribute five (5) kilograms or more of a substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). (05-0448 at Doc. 8).

The defendant filed a motion to suppress the evidence obtained in the search of his vehicle because he asserted that the initial stop was illegal, making the subsequent search violative of his Fourth Amendment rights. *Id*. at Doc. 18. The magistrate judge assigned to the

---

[1]References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case. The pleadings from the original criminal case are designated as "05-0448" and the pleadings on the motion to vacate are designated as "07-08009".

case held a hearing on the defendant's motion and issued a Report and Recommendation, in which he recommended that the motion to suppress be denied. *Id*. at Doc. 23. The defendant filed objections to the Magistrate Judge's report, which the undersigned set for a hearing. After what amounted to a *de novo* review of the motion to suppress, the undersigned also found that the motion to suppress was due to be denied. *Id*. at Doc. 30.

The defendant then entered into a plea agreement with the United States. *Id*. at Doc. 32. In exchange for a plea of guilty, the United States agreed to recommend that the defendant receive a three-level reduction under the Sentencing Guidelines for acceptance of responsibility and that he be sentenced at the low end of the applicable guideline range. *Id*. As a part of the plea agreement, the defendant relinquished his right to appeal his conviction and to file a motion pursuant to 28 U.S.C. § 2255, except that he reserved his right to appeal any punishment in excess of the statutory maximum and any upward departure under the Sentencing Guidelines. *Id*. at p. 8.

The defendant pled guilty and was sentenced on June 15, 2006. The defendant was sentenced to a total term of incarceration of 70 months, followed by 36 months supervised release. *Id*. at Doc. 38. The defendant did not file a notice of appeal.

The defendant filed the present motion on March 5, 2007, asserting that (1) his conviction was obtained by use of evidence recovered through an unconstitutional search and seizure, (2) he was denied the right to appeal the denial of his motion to suppress, and (3) his counsel was ineffective for failing to address an appeal of the court's denial of his motion to suppress. (07-08009 at Doc. 1). In his petition, the defendant requests a "nunc pro tunc order allowing him to file a delayed appeal" of the denial of his motion to suppress. *Id*. at p. 17. The defendant

attached an affidavit to his petition in which he attests that he is not challenging his guilty plea but wants the right to appeal the suppression hearing to the Eleventh Circuit. *Id*. The court required the United States to file a response to show cause why the requested relief should not be granted. (07-08009 at Doc. 4). The United States responded that the motion was due to be dismissed because the defendant knowingly, intelligently, and voluntarily waived his right to file a motion pursuant to § 2255. *Id*. at Doc. 7. The court then afforded the defendant an opportunity to file a response to the motion to dismiss filed by the United States. The defendant filed a response in which he asserts that his waiver was not knowing, intelligent, or voluntary because his counsel never explained to him the consequences of waiving his appellate rights.[2] The matter is ripe for disposition.

## DISCUSSION

The defendant agreed to waive his right to seek relief pursuant to 28 U.S.C. § 2255 when he entered a guilty plea in this case. That waiver is evidenced by the plea agreement. (05-0448 at Doc. 32 at pp. 7-8). Specifically, the plea agreement provides that:

**WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF**

**In consideration of the government's recommended disposition, I, JOSE REYNALDO MIRAMONTES, do hereby waive and give up my right to appeal my conviction in this case, any sentence the court might impose upon me, and the right to challenge any sentence so imposed or the manner in which the sentence was determined in any collateral attack, including, but**

---

[2]The defendant points out that "There was no tactical advantage or strategic approach to having [him] waive his appeal rights . . . [because] based on his acceptance of responsibility, criminal history and offense level [he] still would have been sentenced to the 70 months." Additionally, the defendant asserts that "O'Kelley as a seasoned criminal lawyer was fully aware of Conditional Pleas wherein his client would be able to plead guilty with a condition allowing him to appeal the suppression hearing. O'Kelley was definitely not looking out for the best interests of his client. O'Kelley's actions and/or his failure to file an appeal and to counter offer the government with a conditional plea for his client are inexplicable and cannot be said to be of a professional norm." (07-08009 at Doc. 9 at pp. 2-3). Based upon these statements and the defendant's requested relief, it seems clear that the defendant is not attempting to set aside his sentence. Instead, the defendant simply wants the right to appeal the outcome of the suppression hearing.

3

> not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:
>
> The defendant reserves the right to contest in an appeal or post-conviction proceeding any/all of the following:
>
> (a) Any punishment imposed in excess of the statutory maximum;
> (b) Any punishment that constitutes an upward departure from the guidelines sentencing range as determined by the court at the time sentence is imposed.
>
> In addition, the defendant reserves the right to petition the court for re-sentencing, in accordance with 18 U.S.C. § 3582(c), in the event of a future retroactive amendment to the Sentencing Guidelines that would affect the defendant's sentence.
>
> I further acknowledge that before giving up these rights, I discussed the Federal Sentencing Guidelines and their application to my case with my attorney, who explained them to my satisfaction.
>
> I hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraph, and that I am knowingly and voluntarily giving up appeal and sentencing rights as stated.

*Id*. at p. 8. The plea agreement also specifically provides that the defendant waives his right to challenge any and all motions, defenses, objections, or requests which have been made. *Id*. at p. 7.

The record shows that the defendant acknowledged that he understood that once the court accepted his guilty plea, he would not have a trial because the defendant had said in open court that he was guilty as charged, and that there was nothing left for the court to do but impose a sentence. (05-0448 at Doc. 41 at p. 6). He stated that he understood and this was what he wanted to do. His counsel also informed the court that he had discussed the plea agreement with the defendant and that he understood the significance of the agreement. *Id*. at pp. 14-15.

The Eleventh Circuit Court of Appeals has held that an appeal waiver provision in a plea

agreement is enforceable if the waiver is made knowingly and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961, 122 S. Ct. 2666, 153 L. Ed. 2d 840 (2002); *United States v. Pease*, 240 F.3d 938, 942 (11th Cir.), *cert. denied*, 534 U.S. 967, 122 S. Ct. 381, 151 L. Ed. 2d 290 (2001). *See also Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005) (a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precluded the defendant from attempting to attack his sentence in a collateral proceeding through a claim of ineffective assistance of counsel during sentencing). Similarly, a waiver of collateral review has also been approved by the Eleventh Circuit so long as the United States demonstrates that the waiver was made knowingly, intelligently, and voluntarily. *Allen v. Thomas*, 161 F.3d 667 (11th Cir. 1998); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The Eleventh Circuit views a waiver as a contract between the Government and a criminal defendant. It has stated:

> [A]mong the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). In this case, [the appellant's] waiver was clearly knowing and voluntary – he was specifically questioned by the district court regarding the waiver of his right to appeal. *See United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). The plea agreement is therefore enforceable and would appear to bar this appeal.

*United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999).

The present record demonstrates the defendant's assent to the terms of his plea agreement, including his waiver of the right to seek relief in a § 2255 motion, was knowingly, intelligently, and voluntarily given. The court specifically inquired during the plea hearing as to whether the defendant had read and understood the agreement. He indicated that he did. Although an interpreter was present at the hearing, the defendant testified that he understood the

English language and declined to have the plea agreement read to him in Spanish. (05-0448 at Doc. 41 at p. 7). His counsel further noted that the defendant has lived in this country for 25 years,[3] owns or has owned a business in North Carolina for a number of years, and reiterated to the court that he had no questions as to whether the defendant had understood what he read and

---

[3] In his affidavit in support of his petition, the defendant attests that he has lived in the United States since 1979, but that he does not speak or understand the English language very well. In his affidavit in response to the government's motion to dismiss, he recants and states that, "although [he] first entered into the United States in 1979, [he] ha[s] not lived in the United States continuously for 25 years. (05-0448 at Doc. 9). When the court questioned during the plea hearing whether the defendant had been read the plea agreement in Spanish, the following colloquy occurred:

> THE COURT: Has this agreement been read to you in Spanish?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And have you discussed it with - -
>
> MR. O'KELLEY: Let me interrupt. I don't think the agreement has been read to him in Spanish.
>
> THE DEFENDANT: No. It was in English.
>
> MR. O'KELLEY: I have discussed it with him.
>
> THE COURT: Well, do you read Spanish, Mr. Miramontes?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Shouldn't it be read to him in Spanish?
>
> MR. O'KELLEY: Your Honor, Mr. Miramontes feels, I guess you would say, more comfortable with an interpreter, but there has never been any doubt in my mind that he and I have been communicating on the same level when we speak in English. He speaks to me in English. I speak to him in English.
>
> When we first got involved in this, he informed me of that. I asked him which he felt more comfortable with. He said probably with an interpreter. We started out like that. But I represent to the court that I have gone over the entire plea agreement with him. I believe him to understand it. If the court would like for us to go over it with him in Spanish, we will certainly do that.
>
> THE COURT: Mr. Miramontes, do you wish to have the agreement read to you in Spanish?
>
> THE DEFENDANT: No. It's fine.
>
> THE COURT: Okay. Do you understand the agreement?
>
> THE DEFENDANT: Yes, sir.

*Id.* at Doc. 41 at pp. 6-7.

6

discussed with him. *Id*. at p. 9. The defendant then affirmed to the court that he understood much of what was being said to him even before interpretation. *Id*. Accordingly, the court finds that the defendant's motion is barred from further review in this proceeding.

To the extent that the defendant seeks reinstatement of his right to appeal the outcome of his suppression hearings, the court similarly is not impressed. To allow the defendant to pursue such relief would obviate the waiver provision in the plea agreement. This is exactly the type of motion that the waiver seeks to preclude. Accordingly, the court finds that the petition is due to be dismissed.

## CONCLUSION

Premised on the foregoing, the court **FINDS** that the defendant's § 2255 petition is due to be dismissed with prejudice.

Done the 22nd day of August, 2008.

_____
U.W. Clemon
United States District Judge